Filed 1/10/14; pub. order 1/31/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SINA SHARIFPOUR et al., | |
| Plaintiffs and Appellants, | G048249 |
| v. | (Super. Ct. No. 30-2008-00111427) |
| TAM LE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Franz E. Miller, Judge. Reversed.

Randall A. Spencer; and Alexander H. Escandari for Plaintiffs and Appellants.

Donna Bader for Defendants and Respondents.

\*      \*      \*

Sina and Shekoufeh Sharifpour obtained a $712,682.89 judgment against Tam and Kim Le. In this appeal, we determine whether the court erred in staying enforcement of the judgment pending appeal, without the requirement of an undertaking. We reverse.

## I

## FACTS

The facts of this case are set forth more fully in our opinion in Case No. G047481, being filed concurrently herewith.

The court ordered that enforcement of the Sharifpours' judgment against the Les be stayed pending trial against other defendants. The Sharifpours then settled with the remaining defendants. At a November 27, 2012 status conference, the Les informed the court of their intention to file a motion for stay of enforcement of the judgment pending appeal. The court extended the existing stay until January 31, 2013.

The Les then filed a motion for a postjudgment setoff of amounts paid by three settling defendants and a stay of enforcement of the judgment. The Les argued the enforcement of the judgment should be stayed until the court ruled on their setoff motion and the appellate proceedings were concluded.

The court denied the setoff without prejudice, explaining that it could not grant the request while the appeal from the judgment was pending. It granted the request for a stay of enforcement of the judgment and did not require an undertaking. The court noted in its minute order that the Sharifpours had not filed an opposition to the request for a stay and that it construed their failure to file an opposition as their consent.

## II

## DISCUSSION

A. *Mootness:*

The Les contend that the appeal from the order granting the stay without an undertaking is moot, assuming this court is about to issue an opinion on the appeal from

2

the judgment.[1]  The Sharifpours argue that the appeal from the order granting the stay is not moot, because this court's opinion in the companion appeal will not be final before the remittitur issues.  They also say that if this court affirms the judgment, the Les could file a petition for review in the Supreme Court, which could delay the matter for an unknown period of time.  During these delays, they assert, the Les could further dissipate or otherwise transfer their assets so as to make themselves judgment proof.

Inasmuch as the opinions in the two appeals are being filed concurrently, the only issue at this point is the further passage of time given the theoretical possibility that the Les will file a petition for review in the Supreme Court and that the Supreme Court will grant review.  Because we cannot completely discount these possibilities, we do not construe the appeal from the order granting the stay to be moot.

### B.  Merits:

#### (1) Background—

At the hearing on the Les' motion, the Sharifpours orally opposed the granting of the request for a stay without the requirement of an undertaking.  They argued that, pursuant to Code of Civil Procedure section 917.1, subdivision (a), the giving of an undertaking was required in order to stay enforcement of the judgment.

However, the Les argued that the Sharifpours had no standing to argue the point, because they had failed to file an opposition to their motion.  The Les pointed out that they had filed their motion on November 27, 2012 and that no opposition had been filed as of the date of the hearing on January 29, 2013.

The Sharifpours apologized for the failure to file an opposition.  Their counsel explained that one of their attorneys had left and they were unable to get an opposition on file because they were short staffed.

---

[1]     The Sharifpours filed a writ petition challenging the order granting the stay without an undertaking, but the request for relief was denied.

3

The court replied: "Although I accept your apology for not having filed the opposition, the fact is you did not file an opposition and, as noted, there has not been an undertaking in place. Therefore, the court will grant the further stay of execution pending the appeal without requiring the posting of a bond."

*(2) Analysis—*

Code of Civil Procedure section 917.1, subdivision (a)(1) provides: "Unless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for any of the following: (1) Money or the payment of money . . . ." The judgment in the matter before us is a money judgment, so section 917.1, subdivision (a)(1) requires the giving of an undertaking to stay enforcement.

Code of Civil Procedure section 918, subdivision (b) provides: "If the enforcement of the judgment or order would be stayed on appeal only by the giving of an undertaking, a trial court *shall not have power, without the consent of the adverse party*, to stay the enforcement thereof pursuant to this section for a period which extends for more than 10 days beyond the last date on which a notice of appeal could be filed." (Italics added.) So, the court here did not have the power to stay enforcement of the money judgment without the consent of the Sharifpours. However, the Sharifpours did not give their consent. To the contrary, they objected at the hearing to the stay of the enforcement of the judgment without the giving of an undertaking.

The questions before us are whether the court abused its discretion in characterizing the failure to file an opposition as the giving of consent and whether the court exceeded its powers in staying enforcement of the judgment when the Sharifpours objected. We answer both questions in the affirmative.

In their motion for postjudgment setoff and stay of enforcement of judgment, the Les argued that they would suffer irreparable harm if the Sharifpours were allowed to execute on the judgment when the amount thereof had not been finally

4

determined, given the $89,999 in setoffs requested. They stated that the court had the power to order a stay under Code of Civil Procedure section 918.

The only thing the Les said in their motion with regard to the requirement of an undertaking was: "In the event a bond or undertaking will be required, Defendants request a reasonable period of time to investigate the availability of [the] same and attempt to qualify for [a] bond." They did *not* request that the court stay the enforcement of the judgment *without* the requirement of an undertaking. Had they requested that the court order a stay *without* the requirement of an undertaking, the court might have had some arguable basis for concluding that the failure to file an opposition was tantamount to the giving of consent—a matter we do not decide. However, there is not even an arguable basis for concluding that the failure to file an opposition to a request that was never made should be construed as consent to that never-made request.

None of the Les' authorities convince us otherwise. This is neither a case where a statute dictates the result for failure to file an opposition (see, e.g., Code Civ. Proc., §§ 430.80, 437c(b)(3)) nor a case where the opposing party stood in court and manifested implied consent to a particular course of action (see *Stanley v. Superior Court* (2012) 206 Cal.App.4th 265, 269-270). Furthermore, Civil Code section 1581, pertaining to contract formation, does not support the Les' position. It states that consent may be communicated through an act or omission "which *necessarily* tends to" communicate consent, or by which the contracting party intends to communicate consent. (Civ. Code, § 1581, italics added.) As we have indicated, the failure to file an opposition did not *necessarily* communicate consent, where the motion did not request that the statutory requirement of an undertaking be waived.

Because we conclude the court abused its discretion in construing the failure to file an opposition to be a consent to the ordering of a stay without the requirement of an undertaking, and further conclude that the court exceeded its powers in so ordering, we do not need to address the Sharifpours' additional argument that the court

5

could have imposed a lesser sanction, such as a monetary sanction, for the failure to file an opposition.

*(3) Prejudice to Les—*

The Les argue that, without a stay, they could suffer prejudice because the Sharifpours could collect the entire amount of the judgment without reference to the setoffs, which have not yet been determined. But the only question before us is the correct procedure for obtaining a stay. That procedure requires the Les to give an undertaking, as we have already stated.

The amount of the undertaking is clearly specified in Code of Civil Procedure section 917.1, subdivision (b). The Les have not argued that the amount should have been reduced because of their pending request for setoffs against the judgment and they have cited no authority that would permit the setting of an undertaking in a reduced amount due to the circumstances of this case. Consequently, it is not a matter we address.

## III

## DISPOSITION

The order is reversed. The Sharifpours shall recover their costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

ARONSON, J.

THOMPSON, J.

6

Filed 1/31/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SINA SHARIFPOUR et al., | |
| Plaintiffs and Appellants, | G048249 |
| v. | (Super. Ct. No. 30-2008-00111427) |
| TAM LE et al., | ORDER GRANTING REQUEST FOR PUBLICATION; NO CHANGE IN JUDGMENT |
| Defendants and Respondents. | |

Appellants have requested that our opinion, filed on January 10, 2014, be certified for publication.  It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).  The request is GRANTED.

The opinion is ordered published in the Official Reports.

MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.