Filed 8/30/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| JENNIFER SARKANY et al.,<br><br>    Plaintiffs and Appellants,<br>v.<br><br>CHRISTIE WEST et al.,<br><br>    Defendants and Appellants. | A162441<br><br>(San Francisco County<br>Super. Ct. No. CGC 18-571355) |

The Code of Civil Procedure authorizes a court to "waive a provision for a bond in an action or proceeding and make such orders as may be appropriate as if the bond were given." (Code Civ. Proc. § 995.240.) Waiver of a provision for a bond requires a determination by the court that the principal "is indigent and is unable to obtain sufficient sureties," and requires the court to consider various factors, including "the character of the action or proceeding," and "the potential harm to the beneficiary if the provision for the bond is waived." (*Ibid.*) The primary issue in this appeal is whether a trial court has authority under Code of Civil Procedure section 995.240 to waive the requirement that a bond or undertaking be given to stay the enforcement of a money judgment pending appeal. (Code Civ. Proc., § 917.1, subdivision (a).) We conclude that a trial court does have that authority, and accordingly we affirm the order challenged by the plaintiffs in this appeal. We also dismiss defendants' cross-appeal of an amended judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying matter is a lawsuit filed by residential tenants Jennifer Sarkany, Ramsey Abouremeleh, Sandra Fierro, and Nina Robin (plaintiffs) against Christie West, who was their landlord, and her son Timothy West, who was part owner of property they rented.

After a jury trial, judgment was entered for each plaintiff against each of the two defendants. The judgments against Christie West totaled $201,245.50, of which $75,000 was for punitive damages; and the judgments against Timothy West totaled $67,550. The trebling of certain damages was to be determined separately, as was the determination of prevailing party attorney fees and costs. The trial court later granted Timothy West's motion for new trial, and denied Christie West's new trial motion on the condition that plaintiffs consent to a remittitur of total punitive damages to $15,000, in view of the court's finding that the punitive damages award was excessive in light of Christie West's "negative net income and limited net worth." Plaintiffs consented to the remittitur and defendants posted a supersedeas bond for the judgment in the amount of $221,064.75.

On October 28, 2020, the trial court issued an order granting plaintiffs an additional award of $684,282.50 in attorney fees, plus costs and the trebling of certain damages, as against Christie West (October 2020 order).[1]

---

[1] This is one of three opinions we file today arising from this lawsuit. In *Sarkany v. West* (Aug. 30, 2022, A160573) [nonpub. opn.] (*Sarkany I*), we address cross-appeals from the judgment entered for plaintiffs after a jury trial and the trial court's rulings on new trial motions. In *Sarkany v. West* (Aug. 30, 2022, A161728) [nonpub. opn.] (*Sarkany II*), we address defendants' appeal from the postjudgment order we have described above as the October 2020 order. In *Sarkany II* we reverse the award of attorney fees and remand for further consideration.

In early November 2020, plaintiffs requested entry of an amended judgment that would reflect the fees, costs, and trebling awarded against Christie West in the October 2020 order, and would delete any reference to the jury's verdict as to Timothy West in light of the court's new trial order.

Later in November plaintiffs filed a motion to require the posting of a bond for the *additional* amount awarded in the October 2020 order, to the extent Christie West sought a stay of enforcement. Plaintiffs' primary argument was that under Code of Civil Procedure section 917.1, a further bond was necessary to stay enforcement of the October 2020 order.[2] Defendants then filed a motion under section 995.240 for waiver of bond, seeking to stay enforcement of the October 2020 order without an undertaking.[3] Plaintiffs opposed the motion to waive the bond requirement on the ground that Christie West had not carried her burden to show that the requirements of section 995.240 had been met.

After a hearing on the pending motions, the trial court found that defendants qualified for a waiver under section 995.240 based on a showing of indigency, granted defendants' motion to waive an additional or increased

---

[2] All further statutory references are to the Code of Civil Procedure. Section 917.1 provides that as a general matter, "[u]nless an undertaking is given, the perfecting of an appeal shall not stay enforcement" of a trial court judgment or order for the payment of money. (§ 917.1, subd. (a).)

[3] Section 995.240 gives the court discretion to "waive a provision for a bond in an action or proceeding and make such orders as may be appropriate as if the bond were given, if the court determines that the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties . . . . In exercising its discretion the court shall take into consideration all factors it deems relevant, including but not limited to the character of the action or proceeding, the nature of the beneficiary, whether public or private, and the potential harm to the beneficiary if the provision for the bond is waived."

bond, and denied plaintiffs' motion to increase the bond (February 2021 order).[4] The court also issued an amended judgment in favor of plaintiffs and against Christie West in the total amount of $1,137,744.21 (February 2021 amended judgment).[5] More than half the amended judgment (approximately $684,000) was for attorney fees.

Plaintiffs then raised a new issue in a motion to set aside the February 2021 order: they argued that the court had lacked jurisdiction to grant defendants' motion for waiver of bond in light of section 918.[6] The trial court denied plaintiffs' motion to set aside as an improper motion for reconsideration under section 1008.

---

[4] The court stated in its order that it had examined the information and supporting declarations provided in connection with the motion for waiver of bond, and noted that Christie West "is on disability and her property is in forbearance." The court further stated that it had "considered the nature of this landlord tenant case, the fact that an initial bond has been provided, the potential harm to Plaintiffs if additional bond is not provided, the documented indigency of Ms. West, and the added overlay of the financial impact of the COVID pandemic upon Ms. West's financial situation." Plaintiffs do not challenge these findings on appeal.

[5] After the reduction of punitive damages and the trebling of certain damages, the damages awarded to plaintiffs totaled $381,802.50. The judgment also included $684,282.50 in attorney fees and $71,659.21 in costs.

[6] Section 918 provides as follows: "(a) Subject to subdivision (b), the trial court may stay the enforcement of any judgment or order. [¶] (b) If the enforcement of the judgment or order would be stayed on appeal only by the giving of an undertaking, a trial court shall not have power, without the consent of the adverse party, to stay the enforcement thereof pursuant to this section for a period which extends for more than 10 days beyond the last date on which a notice of appeal could be filed. [¶] (c) This section applies whether or not an appeal will be taken from the judgment or order and whether or not a notice of appeal has been filed."

4

The parties timely appealed, with plaintiffs challenging the February 2021 order waiving the bond requirement and the subsequent order denying their motion to set aside the February 2021 order, and defendants challenging the February 2021 amended judgment.

## DISCUSSION

### A. *Plaintiffs' Appeal*

Notably, plaintiffs do not argue that the trial court abused its discretion in determining that Christie West was indigent and unable to provide a bond, or that the trial court failed to consider the factors set forth in section 995.240. Instead, in challenging the trial court's waiver of the increased bond required by section 917.1 to stay enforcement of the October 2020 order, plaintiffs argue that the trial court acted beyond its jurisdiction. They contend that by waiving the requirement of a bond, the trial court violated section 918, subdivision (b) by granting an indefinite stay of the enforcement of a money judgment or order without plaintiffs' consent. We are not persuaded.

#### 1. *Standard of Review*

Plaintiffs' argument presents an issue of statutory interpretation, which is subject to de novo review. (*Lopez v. Ledesma* (2022) 12 Cal.5th 848, 857.) We must " 'determine the Legislature's intent so as to effectuate the law's purpose.' " (*Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 14.) " 'We begin by examining the statutory language, giving it a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language in isolation; rather we look to the entire substance of the statutes in order to determine their scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the statutes' nature and obvious purposes. [Citation.] We must

5

harmonize the various parts of enactments by considering them in the context of the statutory framework as a whole.  [Citation.]  If the statutory language is unambiguous, then its plain meaning controls.' " (*Ibid.*)

2.    *Analysis*

As we have explained, a trial court judgment or order for the payment of money is not stayed by the perfecting of an appeal unless an undertaking is given.  (§ 917.1, subd. (a).)  As a general matter, however, the trial court is authorized to "waive a provision for a bond in an action or proceeding and make such orders as may be appropriate as if the bond were given," subject to a determination "that the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties."  (§ 995.240.)

Plaintiffs contend that section 995.240 allows the trial court to waive the bond requirement for an indigent litigant only where a bond is required to pursue a legal action, and does not apply to a bond required to stay enforcement of a judgment pending appeal.  Plaintiffs argue that since Christie West can pursue her appeal without posting a bond, section 995.240 is inapplicable here.  We disagree.

We begin by looking at the plain language of the statutes.  Section 995.240 is part of the Bond and Undertaking Law (§ 995.010 et seq.), and the provisions of that law apply to "*a bond or undertaking executed, filed, posted, furnished, or otherwise given as security pursuant to any statute of this state*, except to the extent the statute prescribes a different rule or is inconsistent." (§ 995.020, subd. (a), italics added.)  Nothing in section 917.1 is inconsistent with section 995.240, and plaintiffs do not contend otherwise.  Plaintiffs suggest that by authorizing the court to "waive a provision for a bond in an action or proceeding," section 995.240 excludes the provision for a bond to stay enforcement of a judgment on *appeal*, but that position finds no support

6

in section 995.240 and is also inconsistent with another provision of the Bond and Undertaking Law. In section 995.220, which exempts government entities from bond requirements, the Legislature stated explicitly that "a bond in an action or proceeding" includes, but is not limited to, "*a bond for issuance of a restraining order or injunction, appointment of a receiver, or stay of enforcement of a judgment on appeal.*" (§ 995.220, italics added.) Accordingly, section 995.240 by its terms is broad enough to apply to the requirement of a bond under section 917.1 to stay enforcement of a money judgment pending appeal.

Further, to the extent section 995.240 is intended to ensure that indigent litigants have access to the courts, its application to bonds required by section 917.1 serves that purpose, because the inability to give a bond may effectively prevent an appeal from a money judgment by a party who "is indigent and is unable to obtain sufficient sureties." (§ 995.240; see *Conover v. Hall* (1974) 11 Cal.3d 842, 846-847 [recognizing that California courts have common-law authority to waive the requirement of a bond to secure potential damages "at the behest of poor litigants"]; *Smith v. Adventist Health System/West* (2010) 182 Cal.App.4th 729, 740 & fn. 9 [enactment of section 995.240 "codified the common law authority of the courts" to " 'waive' a provision for a bond in an action where the principal is indigent"].) The trial court's authority to waive an appeal bond required by section 917.1 for an indigent party under section 995.240 is consistent with principles "afford[ing] indigent civil litigants the ability to obtain meaningful access to the judicial process in a great variety of contexts." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 604; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 7:171 (Eisenberg) [citing § 995.240 for the proposition that "the trial court has discretion to waive a bond or

7

undertaking requirement if the appellant is 'indigent' and 'unable to obtain sufficient sureties' "].)

Plaintiffs contend that applying the waiver provision of section 995.240 to an appeal bond is somehow inconsistent with section 918. We see no inconsistency.

Section 995.240, which applies only to indigent parties, gives the trial court discretion to waive the section 917.1 requirement of a bond to stay the enforcement of a money judgment *on appeal.*

Section 918 authorizes the trial court to temporarily stay the enforcement of a judgment or order, without regard to whether an appeal is or will be filed or a bond is posted, or the financial status of a party. It does not impose any bond requirement.

Section 918 simply limits the length of a stay of enforcement imposed by the trial court *under section 918* when that stay applies to a money judgment to no more than 10 days beyond the deadline for filing a notice of appeal. (§ 918, subd. (b).) This limitation applies only to stays issued by the trial court under authority of section 918, and no stay under section 918 was issued in this case. The stay in this case resulted from the trial court's waiver of the section 917.1 bond requirement for a stay pending appeal.[7]

---

[7] We find it instructive to consider the typical uses of section 918 stays, which differ from stays pending appeal under section 917.1. For example, a trial court might issue a stay under section 918 "to permit the defendant to make arrangements for orderly payment or other satisfaction of the judgment when the defendant has demonstrated good faith to the judge's satisfaction." (Knighten, Cal. Judges Benchbook: Civil Proceedings After Trial (2021) § 6.199, p. 628 [noting that section 918 stays are most commonly issued in unlawful detainer and consumer debt cases].) Or a party might seek a stay under section 918 "before filing a notice of appeal or before completing the steps required to obtain a stay pending appeal." (Eisenberg, *supra*, ¶ 7:62.) The need for a section 918 stay might arise if a party "needs further time to

8

Finally, plaintiffs' heavy reliance on *Sharifpour v. Le* (2014) 223 Cal.App.4th 730, does not support their argument. The defendants in *Sharifpour* requested a stay of enforcement of a money judgment under section 918 until appellate proceedings were concluded, stating that they would suffer irreparable harm if the plaintiffs executed on the judgment. (*Id.* at pp. 732-734.) The trial court in *Sharifpour* granted the request and stayed enforcement of the money judgment for more than 10 days beyond the appeal deadline without the consent of the adverse party, in contravention of section 918, subdivision (b). (*Id.* at pp. 734-735.) This was error. (*Id.* at p. 731.) But *Sharifpour* is nothing like the case before us. *Sharifpour* concerned a request for stay under section 918 (*id.* at p. 734); no such stay was requested or granted here. And there was no request in *Sharifpour* for waiver of a bond; to the contrary, the only statement about bonding in defendants' motion was if a bond or undertaking was to be required, they sought time to investigate whether a bond was available and to attempt to qualify for it. (*Id.* at p. 734.) Nor was there any claim of indigency by defendants. *Sharifpour* thus has nothing to say about the issue in this case: the waiver of the section 917.1 appeal bond requirement under the discretion granted to courts under section 995.240 when a principal is indigent and unable to obtain sufficient sureties.

---

decide whether to take an appeal," or "wishes to pursue postjudgment motions . . . before filing a notice of appeal," or "needs time to obtain the security required for a 'permanent' stay" under section 917.1. (*Ibid.*) Or a section 918 stay might be sought "[p]ending the trial court's full consideration of appellant's request for a discretionary stay." (*Ibid.*) So, a party might seek a section 918 stay pending the filing and consideration of a motion for waiver under section 995.240.

B.      *Defendants' Cross-Appeal*

Defendants filed a notice of appeal from the February 2021 amended judgment, but their appellate brief contains no argument on the matter. Instead, defendants state that all the issues they wish to raise have been addressed in their briefs in *Sarkany I* and *Sarkany II*, which, they say, are incorporated by reference in their brief in this appeal.

We disregard arguments that merely purport to incorporate by reference arguments that are advanced in other appellate briefs.  (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20; see also Eisenberg, *supra*, ¶ 9:30.1 [incorporation of such arguments is "entirely *inappropriate*"].)  By in effect failing to argue their cross-appeal, defendants have forfeited any challenge to the amended judgment.

In any event, by stating that their only challenges to the amended judgment have been argued in *Sarkany I* and *Sarkany II*, defendants have effectively conceded that our opinions in those cases render their cross-appeal moot.  Accordingly, we shall dismiss the cross-appeal.

## DISPOSITION

The orders challenged by plaintiffs are affirmed.  Defendants shall recover their costs on appeal.

Defendants' cross-appeal is dismissed.

10

                                          _____

                                          Miller, J.

WE CONCUR:


_____

Stewart, Acting P.J.


_____

Mayfield, J.[*]


A162441, *Sarkany et al. v. West et al.*

---

[*] Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Court:  San Francisco County Superior Court

Trial Judge:  Hon. Kathleen A. Kelly

Hooshmand Law Group, Mark Hooshmand, for Plaintiffs and Appellants

Tarrington, O'Neill, Barrack & Chong, Norman L. Chong, Joseph D. O'Neil, for Defendants and Appellants

A162441, *Sarkany etal. v. West etal.*